# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROLAND D. ROSS,

    Plaintiff,

v.           Case No. 16-3133-CM

FNU LNU DIRECTOR, BUTLER COUNTY
DETENTION CENTER, et al.,

    Defendants.

## MEMORANDUM AND ORDER

    Pro se plaintiff Roland D. Ross filed this civil rights action, claiming that defendants, employees of the Butler County Detention Center, violated his rights to free exercise of religion and equal treatment under the Constitution and the Religious Freedom Restoration Act ("RFRA"). Plaintiff claims that defendants denied his request for a special Muslim diet during Ramadan, and deprived him of the right to gather during Ramadan with his fellow Islamic inmates. Defendants filed a Motion to Dismiss (Doc. 15), arguing that (1) plaintiff did not exhaust his administrative remedies; (2) plaintiff failed to allege personal participation by defendants; (3) plaintiff fails to allege a claim; and (4) defendants are entitled to qualified immunity. For the following reasons, the court grants defendants' motion.

  **I.**  **Standard of Review**

    The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."

*In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). In reviewing the sufficiency of a complaint, the court determines whether the plaintiff is entitled to offer evidence to support his claims—not whether the plaintiff will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

The court is mindful of the fact that plaintiff is proceeding pro se. Because of plaintiff's status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding pro se. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

**II.     Factual Background**

Plaintiff is a Muslim inmate. He requested a special diet during the holy month of Ramadan. He also asked to be placed on the Ramadan list so he could observe the holy month. Although defendants did not immediately grant plaintiff's request, they eventually did. But plaintiff claims that

defendants delayed resolving his grievances until most of the holy month had passed. According to plaintiff, he asked defendant FNU LNU Chaplain to be placed on a kosher/halal diet and the Ramadan list "with no regard." He claims he appealed to defendant FNU LNU Corporal with a formal grievance, and made "an informal resolution" to defendant FNU LNU Captain, exhausting his administrative remedies. Plaintiff makes no specific allegations, however, against defendant FNU LNU Director.

### III.     Discussion

####     A.     Failure to Exhaust

A prisoner's failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). But the Tenth Circuit has recognized that a district court "can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his remedies." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). If the complaint is silent on exhaustion, dismissal is not appropriate. *Id.* The Tenth Circuit has cautioned that the district court will only rarely be able to make an exhaustion ruling based solely on the allegations in the complaint. *Id.* ("We believe that only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.").

Here, defendants ask the court to dismiss plaintiff's complaint for failure to exhaust based on two "statements": (1) the absence of a mark on the complaint indicating that plaintiff had exhausted his administrative remedies, and (2) plaintiff's statement that he had filed a grievance but had not waited for resolution before filing suit. The first of these implied statements is just that—implied, not an

affirmative statement. The second of them is not conclusive. "When a district court is given the opportunity to address the exhaustion question due to affirmative but not conclusive statements in the prisoner's complaint, we follow the Fourth Circuit in holding that 'a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue.'" *Id.* (quoting *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 682 (4th Cir. 2005)).

Defendants failed to meet their burden of proving their affirmative defense based on the face of plaintiff's complaint. A motion for summary judgment would have been a more appropriate—and likely successful—way to address the exhaustion question. The court will not dismiss plaintiff's complaint on this basis.

### B. Personal Participation

Defendants next claim that plaintiff failed to allege personal participation by any of the defendants. Individual liability under Section 1983 must be based on personal involvement. *Gallagher v. Shelton*, 587 P.3d 1063, 1069 (10th Cir. 2009). "[P]ersonal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (citation omitted).

Plaintiff did not make personal allegations against the Director. Indeed, he did not mention the Director's actions at all. Defendant FNU LNU Director is therefore dismissed from the case. As for the Corporal and Captain, plaintiff alleges only that they did not timely resolve his grievances, resulting in most of the holy month being over before he was placed on the Ramadan list. Denial of a grievance is insufficient to constitute personal participation in a constitutional violation. *Id.*; *see also Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). If denial is insufficient, then a delay in resolution is also insufficient. Defendants FNU LNU Corporal and Captain are also dismissed for lack of personal participation.

Plaintiff, however, alleges that the Chaplain gave his request to be placed on a kosher/halal diet and the Ramadan list "no regard." Construing plaintiff's complaint liberally—as this court must—plaintiff has alleged personal participation by the Chaplain relating to being placed on the Ramadan list for a special diet. Plaintiff has not, however, explained how the chaplain was involved in denying plaintiff the right to peaceably assemble. To the extent that plaintiff attempts to challenge a policy of the facility, he bears the burden of naming and explaining a defendant's involvement, even if that involvement is merely as a policymaker. *Lowery v. Edmondson*, 528 F. App'x 789, 792 (10th Cir. 2013). Plaintiff has not adequately alleged personal participation on the part of the Chaplain for his claim that he was denied the right to peaceably assemble.

C. Failure to State a Claim

To state a claim for violation of the right to free exercise of religion, plaintiff must adequately allege that defendants "substantially burdened [his] sincerely-held religious beliefs." *Gallagher*, 587 F.3d at 1069. A mere delay in response is inadequate. *Id.* (finding no violation when a request for fried food for Hanukkah was made on November 29, but not approved until January 9—after Hanukkah was over; and no violation when a request for sack lunches on July 17 and August 17 was made on July 14, but not approved until August 19—after the days of fasting had passed). In *Gallagher*, the court found that moderate delays that effectively mooted the plaintiff's requests for religious accommodation were "at most, isolated acts of negligence, not pervasive violations of Gallagher's right to free exercise of religion." *Id.* at 1070.

Here, plaintiff concedes in his complaint that his request for a special diet was resolved before Ramadan ended. The delay was shorter than that in *Gallagher*. It does not, as a matter of law, constitute a pervasive violation of plaintiff's right to free exercise of religion. As in *Gallagher*, at most, the delay constituted negligence in responding to plaintiff's request.

To the extent that plaintiff's claim for freedom to assemble remains viable (although he has not alleged any personal participation on the part of any defendant), the same outcome is required. "[P]rison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). In *O'Lone*, the Supreme Court held that the prison did not have to ensure that all Muslim prisoners had access to Friday services, based on penological considerations. *Id.* at 350. Plaintiff's allegation that he was not allowed to assemble for a short time fails to state a claim.

Finally, the court notes that plaintiff brings a claim under the RFRA. Defendants do not address this cause of action. Because plaintiff proceeds in forma pauperis, the court may dismiss claims sua sponte under 28 U.S.C. § 1915(e)(2)(B), as frivolous, for failure to state a claim upon which relief may be granted, or based on immunity. *Whitney*, 113 F.3d at 1172–73. Such dismissal is warranted "if the plaintiff cannot make a rational argument on the law and facts," *id.* at 1172 (citations and quotations omitted), or if it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and that amendment would be futile, *id.* at 1173 (citations and quotations omitted).

The court dismisses plaintiff's RFRA claims because the RFRA applies to the federal government and its officials—not state or county government officials. *Kikumura v. Hurley*, 242 F.3d 950, 960 (10th Cir. 2001). Defendants here are employees of Butler County, and the RFRA therefore does not apply.

D. Qualified Immunity

The court need not address defendants' final argument because all defendants are dismissed on other grounds.

-6-

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 15) is granted.

The case is closed.

Dated this 10th day of April, 2017, at Kansas City, Kansas.

                                                  **s/ Carlos Murguia**
                                                  **CARLOS MURGUIA**
                                                  **United States District Judge**