# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROLAND D. ROSS,

       Plaintiff,

v.                                    Case No. 16-3133-CM

FNU LNU DIRECTOR, BUTLER COUNTY
DETENTION CENTER, et al.,

       Defendants.

## MEMORANDUM AND ORDER

Pro se plaintiff Roland D. Ross filed this civil rights action, claiming that defendants, employees of the Butler County Detention Center, violated his rights to free exercise of religion and equal treatment under the Constitution and the Religious Freedom Restoration Act ("RFRA"). Defendants filed a motion to dismiss (Doc. 15), alleging plaintiff failed to state a valid claim for relief. The court granted defendants' motion, and the clerk of court entered judgment on April 11, 2017. On May 4, 2017, plaintiff mailed his motion for reconsideration (Doc. 22), and alternatively moved to amend his pleadings. The court received plaintiff's filings on May 16, 2017. For the reasons below, the court denies plaintiff's motions.

### I. Standard of Review

A motion for reconsideration is not recognized by the Federal Rules of Civil Procedure, but may be construed as either a motion to alter or amend the judgment pursuant to Rule 59(e), or as a motion seeking relief pursuant to Rule 60(b). *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 1991). Which rule applies depends on how much time has passed between the entry of judgment and

-1-

the filing of the motion. *Id.* The granting or denial of a motion to reconsider is within the court's discretion. *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017)

The court will construe a pro se plaintiff's filings liberally, but will not go beyond the reasonable reading of a motion to assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A plaintiff's pro se status does not relieve him from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).

In his motion to reconsider, plaintiff asks the court to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 22, at 1.) Motions to alter or amend are due within twenty-eight days of entry of judgment, and a motion received after this window is ordinarily not timely. Fed. R. Civ. P. 59(e). Because plaintiff is an inmate, the "prison mailbox rule" applies, and his motion is deemed filed at the time it was delivered to prison authorities. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *see Price*, 420 F.3d at 1163–64. Plaintiff's signed motion was executed on May 4, 2017, fewer than twenty-eight days after the entry of judgment, so his motion is timely filed with the court.

**II.     Discussion**

      A.     59(e) Motion

Relief under Rule 59(e) is only available if a party can show one of three reasons: (1) there is an intervening change in controlling law; (2) there is new evidence which was previously unavailable; or (3) there is a need to correct clear error or prevent manifest injustice. *See Hayes*, 845 F.3d at 1004. A motion to alter or amend pursuant to Rule 59(e) is appropriate where the "court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005,

1012 (10th Cir. 2000). A party may reargue positions in a Rule 59(e) motion in order to correct clear legal error. *Hayes*, 845 F.3d at 1005.

Liberally construed, plaintiff's suggestions that the court made a "misapprehension" and "clearly lacked any factual bases to deny [plaintiff] tribunal review" will be treated as a request for relief from an error of law. (Doc. 22, at 1.) Without addressing whether plaintiff's attached documents are new evidence which was previously unavailable, plaintiff appears to attach these documents in support of his argument on the issue of administrative exhaustion. (*Id.*) This court dismissed plaintiff's claims under Section 1983 for (1) failure to adequately allege personal participation by any defendant; and (2) failure to state a claim. *Ross v. FNU LNU Dir., Butler Cty. Det. Ctr.*, No. 16-3133-CM, 2017 WL 1332717, at *2–4 (D. Kan. Apr. 10, 2017). This court did not dismiss plaintiff's claims for failure to exhaust administrative remedies. *Id.* at *2. A 59(e) motion alleging mistake on the issue of administrative exhaustion would—as a result—be moot, so the court will reasonably read plaintiff's motion as a general request for relief from an error of law.

As noted above, in the underlying order dismissing plaintiff's claims, this court dismissed all defendants and claims because plaintiff either (1) failed to sufficiently allege personal participation by the defendant; or (2) failed to sufficiently state a claim for relief. First, defendants FNU LNU Director, Corporal, Captain, and Chaplain were dismissed for failure to adequately allege personal participation in plaintiff's claim that he was denied the right to peaceably assemble. *Ross*, 2017 WL 1332717, at *2–3. Second, plaintiff's claim for violation of the right to free exercise of religion was dismissed for failure to adequately allege that his sincerely-held religious beliefs were substantially burdened by defendants' delay in accommodating plaintiff's religion. *Id.* at *3. Third, plaintiff's claim for freedom to assemble was dismissed for failure to show that any prison regulation infringing on this freedom was not "reasonably related to legitimate penological interests." *O'Lone v. Estate of*

*Shabazz*, 482 U.S. 342, 349 (1987); *see Ross*, 2017 WL 1332717, at *3. Finally, plaintiff's RFRA claims were dismissed because RFRA does not apply to the defendants. *Ross*, 2017 WL 1332717, at *3. The court will review each of these decisions briefly under the Rule 59(e) standards.

First, the court made no error in relying on *Gallagher v. Shelton* and *Lowery v. Edmondson* to dismiss defendants FNU LNU Director, Corporal, Captain, and Chaplain for lack of personal participation. *Id.* at *2. Plaintiff did not mention or make allegations against the Director, and plaintiff alleged only that the Corporal and Captain did not timely resolve his grievances. The absence of allegations cannot maintain an action, so no mistake was made dismissing the Director. *Gallagher* states that "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." 587 F.3d at 1069. Because a mere delay in resolving a grievance does not rise to the level of a denial, no mistake was made in relying on *Gallagher* to dismiss the Corporal and Captain. *See Ross*, 2017 WL 1332717, at *2. As for the Chaplain, *Lowery* states that a plaintiff challenging prison policy must "name *and* explain" a defendant's involvement. 528 F. App'x 789, 792 (10th Cir. 2013) (emphasis added). Plaintiff did not explain the Chaplain's involvement for his claim that he was denied the right to peaceably assemble, so the court made no mistake in dismissing the Chaplain.

Second, the court made no error relying again on *Gallagher* to dismiss plaintiff's claim for violation of the right to free exercise of religion. *Ross*, 2017 WL 1332717, at *3. *Gallagher* involved similarly delayed responses to requests for meal accommodations for Hanukkah and fasting, and the court found that these delays were not sufficient to meet the threshold of "substantially burden[ing] [the plaintiff's] sincerely-held religious beliefs," despite the plaintiff not receiving accommodation until after Hanukkah and the days of fasting had passed. 587 F.3d at 1069–70. This court concluded that plaintiff's claim failed as a matter of law because his delay was shorter than in *Gallagher*, and his

request was resolved before Ramadan ended. *Ross*, 2017 WL 1332717, at *3. Plaintiff presents no arguments to distinguish his circumstances from *Gallagher*, and the court's conclusions are consistent with the case. The court made no mistake in dismissing plaintiff's claim for violation of the right to free exercise of religion.

Third, the court made no error by relying on *O'Lone* to dismiss plaintiff's claim for violation of freedom to assemble. *Id.* at *3. Plaintiff made and makes no arguments why any prison regulation that infringed this right was not "reasonably related to legitimate penological interests." *See id.*; *O'Lone*, 482 U.S. at 349. The court will not construct these arguments where plaintiff offers no discussion, so the court made no mistake in dismissing plaintiff's claim for violation of freedom to assemble.

Finally, the court made no error in dismissing plaintiff's RFRA claims. Defendants are neither state nor government officials, and plaintiff offers no argument or support suggesting otherwise. Because RFRA applies only to state or government officials, defendants are exempt, and the court made no mistake by not applying RFRA to defendants.

### B. Motion to Amend

Plaintiff has also moved to amend his claim. (Doc. 22, at 2.) Pursuant to Rule 15.1 of the Rules of Practice of the United States District Court for the District of Kansas, a party filing a motion to amend must: "(1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; and (3) comply with the other requirements of D. Kan Rules 7.1 through 7.6." D. Kan. Rule 15.1(a). Plaintiff has not attached his proposed pleading as required by the rule, so plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Reconsider (Doc. 22) is denied.

**IT IS FURTHER ORDERED** that plaintiff's alternative request to amend is denied.

Dated this 21st day of June, 2017, at Kansas City, Kansas.

**s/ Carlos Murguia**
**Carlos Murguia**
**United States District Judge**